# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | | |
|---|---|---|
| RONNIE WILLIAMS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CV408-105 |
| | ) | |
| TONY HENDERSON, *Warden, Rivers* | ) | |
| *State Prison*, | ) | |
| | ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION

Ronnie Williams, currently confined at Rivers State Prison in Hardwick, Georgia, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1.) On July 9, 2008, this Court entered an order granting his motion to proceed *in forma pauperis* and directing him to supplement his petition with a signature page and to name the proper respondent.[1] (Doc. 4.) The Court also prepared a questionnaire for Williams to answer, so that the Court could decipher the claims in his petition and determine whether he

---

[1] Williams originally named the State Board of Pardons and Paroles as respondent. (Doc. 1.) He has since amended his petition to name his current custodian as respondent. (Doc. 5 at 5.)

had exhausted his state court remedies. (Id.) Williams has complied with the Court's order. (Doc. 5.) For the following reasons, his case should be **DISMISSED**.

On February 3, 1994, after a jury found Williams guilty of receiving stolen property, obstruction of a police officer, and one count of burglary, the Superior Court of Chatham County sentenced him to "12 months each" for theft by receiving stolen property and obstruction of a police officer and 20 years for burglary, noting that the sentence was to run consecutively to the parole sentence that Williams was then serving. (Doc. 5 at 9, Final Disposition.) On March 10, 2000, the superior court entered a "corrected sentence," based on its assessment that the original judgment did not accurately reflect the oral sentence imposed by the court on February 3, 1994, as it did not mention the recidivism portion of his sentence. (Doc. 5 at 10, Corrected Sentence.)[2] Williams' present federal habeas petition alleges that the trial court violated his due process rights by entering the "increased

---

[2] The corrected sentence specified that Williams was sentenced to a 20-year term for the Count 4 burglary offense, a 12-month term for the Count 3 obstruction offense "consecutive to Count 4," and a 12-month term for the Count 2 theft by receiving offense "consecutive to Counts 3 and 4." (Id.)

sentence," which has rendered him ineligible for parole consideration. (Doc. 1 at 3-4.) Because Williams is "in custody pursuant to the judgment of a State court," 28 U.S.C. § 2254, his petition is subject to the procedural restrictions of § 2254, even though he has applied for habeas relief only under § 2241. Thomas v. Crosby, 371 F.3d 782, 787 (11th Cir. 2004) ("A state prisoner cannot evade the procedural requirements of § 2254 by filing something purporting to be a § 2241 petition."). Accordingly, he must "run the gauntlet of § 2254 restrictions," Medberry v. Crosby, 351 F.3d 1049, 1061 (11th Cir. 2003), including those imposed by the Antiterrorism and Effective Death Penalty Act of 1996, (AEDPA). Pub. L. 104-132, Stat. 1214; see id. at 1058.

The AEDPA amended the federal habeas statute to require that a second or successive petition be certified by a panel of the appropriate court of appeals prior to being brought in any district court. See 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the

application."). The Seventh Circuit has held that this provision "is an allocation of subject-matter jurisdiction to the court of appeals. A district court *must* dismiss a second or successive petition, without awaiting any response from the government, unless the court of appeals has given approval for its filing." Nunez v. United States, 96 F.3d 990, 991 (7th Cir. 1996) (emphasis in original). The Eleventh Circuit has reached the same result. Hill v. Hopper, 112 F.3d 1088, 1089 (11th Cir. 1997) (finding that district court lacked jurisdiction to consider a second § 2254 petition); In re Medina, 109 F.3d 1556 (11th Cir. 1997) (holding that district court properly denied successive petition because movant neglected to obtain a certificate from the federal appellate court authorizing consideration of the motion).

This Court's records indicate that petitioner previously filed a § 2254 petition in this Court on August 4, 1995, challenging his 1994 conviction in the Chatham County Superior Court. Williams v. Smith, CV495-176 (S.D. Ga. Aug. 4, 1995); Williams v. Johnson, CV402-44 (S.D. Ga. Mar. 14, 2002) (doc. 1 at 4). The district judge dismissed the petition on July 17, 1996. Smith, CV495-176 (doc.

27); Johnson, CV402-44 (doc. 3 at 2). On March 14, 2002, this Court dismissed a second § 2254 petition filed by Williams, challenging his "corrected sentence" as successive. Johnson, CV402-44 (doc. 6). On April 14, 2003, Williams filed yet another § 2254 petition challenging his "corrected sentence"; on October 16, 2003, this Court found that he had procedurally defaulted his claims by failing to raise them in his September 27, 2000 state habeas petition and, therefore, denied relief. Williams v. Johnson, CV403-069 (S.D. Ga. Oct. 16, 2003) (doc. 21). On August 25, 2005, Williams filed another § 2254 petition challenging the delay he encountered in the Fulton County Superior Court while awaiting a decision from that court regarding his writ of mandamus contesting the "corrected sentence." Williams v. Barrow, CV405-167 (S.D. Ga. Oct. 24, 2005) (docs. 1, 4). This Court entered an order dismissing his petition since it attacked a state collateral proceeding and was successive. Id. (doc. 4 at 3-4). Accordingly, this appears to be Williams' fourth habeas petition attacking his "corrected sentence." Because the instant petition is successive and petitioner has not sought or received authorization from the Eleventh Circuit

to file it, this Court is not at liberty to consider it.  Accordingly, the

Court should **DISMISS** this petition as successive.

**SO REPORTED AND RECOMMENDED** this _6th_ day of

August, 2008.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA